## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>-against-<br><br>ADMIRAL INSURANCE COMPANY,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff, the Travelers Indemnity Company ("Travelers"), by and through its undersigned counsel, Usery & Associates, as and for its Complaint against Defendant, Admiral Indemnity Company ("Admiral"), alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.      Travelers is providing a defense to PSEG LONG ISLAND, LLC ("PSEG") in a lawsuit entitled *Jean G. Charles v. County of Nassau, et al.*, in the Supreme Court of the State of New York, Nassau County, index number 600083/2021, and a lawsuit entitled *Rosibel Lemus Sagastume v. Deborah J. Estrema, et al.*, in the Supreme Court of the State of New York, Nassau County, index number 600450/2021 (collectively, the "Underlying Actions").

2.      In the instant action, Travelers seeks a declaration that Admiral is obligated to defend and to indemnify PSEG in the Underlying Actions, as an additional insured under a policy of insurance issued by Admiral, on a primary, non-contributory basis, and that Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of PSEG in said actions.

## THE PARTIES

3.      At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

1

4.      Upon information and belief, at all times relevant hereto, Admiral is a Delaware corporation with a principal place of business in Scottsdale, Arizona.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

6.      In the Underlying Actions, Jean G. Charles and Rosibel Lemus Sagastume (collectively, "Claimants") seek recovery for alleged personal injuries including but not limited to cervical disc displacement, cervical epidural steroid injections, cervical trigger point injections, right shoulder arthroscopic subacromial decompression and acromioplasty, lumbar medial branch nerve block injections, and lumbar trigger point injections; and left knee internal derangement, lumbar herniation, lumbar radiculopathy, cervical radiculopathy, and left shoulder impingement syndrome . Therefore, the purported value of the Underlying Actions exceeds $75,000.00.

7.      Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

8.      An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Admiral.

9.      Travelers has no adequate remedy at law.

## THE RELEVANT POLICIES

10.     Admiral issued a commercial general liability insurance policy to 4 Cut Development LLC ("4 Cut") bearing policy number CA000031650-02 for the policy period August 2, 2019 to August 2, 2020 (the "Admiral Policy").

11.    Subject to certain terms, conditions, and exclusions, the Admiral Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

12.    The Admiral Policy contains an ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION endorsement that provides, in part:

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
|---|---|
| Any person or organization that is an owner or manager of real property or personal property on which you are per-forming ongoing operations, or a contractor on whose behalf you are performing ongoing operations, but only if coverage as an additional insured is required by a written contract or written agreement that is an "insured contract", and provided the "bodily injury" or "property damage" first occurs, or the "personal and advertising injury" offense is first committed, subsequent to the execution of the contract or agreement. | All locations at which the Named Insured is performing ongoing operations. |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

A.  Section II – Who Is An Insured is amended to include ad an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1.  Your acts or omissions; or

2.  The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

13.     Travelers issued a commercial general liability policy to Haugland Energy Group LLC ("Haugland") bearing policy number VTC2K-CO-2E971115-IND-19 for the policy period October 31, 2019 to October 31, 2020 (the "Travelers Policy").

14.     PSEG is an additional insured under the Travelers Policy in connection with the Underlying Actions.

15.     Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

16.     The Travelers Policy contains excess "other insurance" provisions that provide that coverage under the Travelers Policy is excess over any other coverage available where added as an additional insured.

## **BACKGROUND FACTS**

17.     Long Island Lighting Company d/b/a LIPA ("LIPA") and PSEG entered into an Amended and Restated Operations Services Agreement dated December 31, 2013 (the "OSA") whereby PSEG was designated as LIPA's agent to enter into contracts on behalf of LIPA necessary or appropriate to operate and maintain certain LIPA systems.

18.     LIPA and Haugland entered into a Contract for Construction Services dated September 23, 2015 (the "Prime Contract") for Haugland to upgrade and replace certain LIPA facilities.

19.     Haugland and 4 Cut entered into a Subcontract Agreement dated September 17, 2018 (the "Subcontract") for 4 Cut to provide flaggers in connection with the Prime Contract.

20.     The terms of the Subcontract require 4 Cut to maintain comprehensive general liability insurance naming PSEG as an additional insured.

21.     In the Underlying Actions, Claimants allege that on January 2, 2020, Claimants' vehicles collided at the intersection of Bellmore Avenue and North Jerusalem Road in Hempstead, New York.

22.     Upon information and belief, 4 Cut was performing operations at the intersection of Bellmore Avenue and North Jerusalem Road in Hempstead, New York at the time of the accident alleged by Claimants.

23.     Travelers is defending PSEG in connection with the Underlying Actions.

24.     In the Underlying Actions, Claimants assert causes of action against PSEG and others seeking to recover for injuries based on theories of negligence.

25.     In the Underlying Action, Claimants seek to impose liability on PSEG for alleged bodily injuries which was caused, in whole or in part, by the acts or omissions of 4 Cut.

## **TENDERS TO ADMIRAL**

26.     By correspondence dated April 28, 2021, Travelers tendered the defense and indemnity of PSEG to the Admiral and 4 Cut.

27.     Admiral rejected Travelers' tender by correspondence dated September 30, 2021.

28.     By correspondence dated January 13, 2022, Travelers renewed its tender to Admiral.

29.     Admiral has not provided its coverage position in response to Travelers renewed tender.

30.     Admiral has refused to provide additional insured coverage to PSEG under the Admiral Policy.

31.     Admiral has refused to provide a defense to PSEG under the Admiral Policy.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

32.     Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "31" above as if fully set forth herein.

33.     PSEG qualifies as an additional insured under the Admiral Policy.

34.     The coverages provided to PSEG under the Admiral Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

35.     Accordingly, Travelers seeks a declaration that Admiral has an obligation to defend and indemnify PSEG as an additional insured under the Admiral Policy; that the coverages provided by the Admiral Policy to PSEG are primary; and that the obligations of Travelers to PSEG in the Underlying Actions are excess to proper exhaustion and full payment of the limits of the Admiral Policy.

36.     In addition, Travelers seeks an award at law and in equity against Admiral for recovery of all sums Travelers has paid and continues to pay in the defense of PSEG in the Underlying Actions because the coverages provided by the Admiral Policy are primary to any coverage provided by Travelers.

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1.     Declaring that PSEG is an insured under the Admiral Policy to whom Admiral owes coverage with respect to the Underlying Actions;

2.     Declaring that Admiral has a duty to defend PSEG in the Underlying Actions up to and including the respective policy limits of the Admiral Policy;

3.      Declaring that all coverage owed by Admiral to PSEG with respect to the Underlying Actions is primary to any coverage provided by Travelers to PSEG;

4.      Declaring that the obligations of Admiral to PSEG with respect to the Underlying Actions are primary to any obligations of Travelers to PSEG;

5.      Declaring that the obligations of Travelers to PSEG in the Underlying Actions are excess to proper exhaustion and full payment of the respective limits of the Admiral Policy by means of a verdict, judgment, or settlement;

6.      Awarding judgment against Admiral in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against PSEG in the Underlying Actions;

7.      Awarding judgment against Admiral in an amount equal to any sums that Travelers may incur to resolve the claims and indemnify PSEG in the Underlying Actions;

8.      Granting an award in favor of Travelers for the costs of suit incurred herein; and

9.      Granting such other and further relief as the Court may deem just and proper.


Dated: New York, New York
          September 22, 2022

                                        USERY & ASSOCIATES


                                         /s/Lisa Szczepanski                                    _
                     By:    Lisa Szczepanski
                            *Attorneys for the Travelers Indemnity Company*
                            T. (917) 778-6680
                            F. (844) 571-3789
                            E. lszczepa@travelers.com

                            Mailing Address:[1]
                            P.O. Box 2996
                            Hartford, CT 06104

---

[1] Physical Address: 485 Lexington Ave., 6th Fl., New York, NY 10017